## WILLIAM PENNEY v. STATE.

No. A-5629. Opinion Filed Aug. 12, 1926.
Rehearing Denied Sept. 18, 1926.
(249 Pac. 167.)

Cad Mathis, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Pittsburg county on a charge of having possession of intoxicating liquor with intent to sell, was sentenced to pay a fine of $50 and serve 30 days in the county jail.

The record discloses that at the time charged three officers with a search warrant for the residence of defendant went to his house near Hartshorne and made a search of the house and immediate premises, but did not find any intoxicants. One of the officers, following some tracks leading from the house, then went to the corn field of defendant about 300 yards from the house and found a keg which contained about 10 gallons of Choctaw beer, shown by the testimony to be intoxicating. Defendant denied any knowledge or connection with the beer in question.

The first contention is that the evidence of the finding of the beer should have been suppressed for the reason that it was obtained without any proper search warrant. This contention is not tenable for the reason that a search warrant is not necessary for the search of woodlands, pastures, or fields not within the curtilage or close proximity of the residence.

It is next argued that there was error in permitting the state to show on cross-examination that defendant had paid fines in the justice courts at Hartshorne on previous occasions for the possession of beer. The justice court had no jurisdiction of the offense inquired about and this evidence was stricken from the consideration of the jury. There is not such prejudice shown as requires a reversal.

It is also argued that the court erred in his instructions and in failing to give instructions requested by defendant. The instructions, as a whole, fairly cover the law and the requested instructions are sufficiently covered by the general charge of the court.

The contention that the evidence does not sustain the verdict is also untenable. The evidence is not voluminous, but its weight and credibility was a matter for the jury, and it is sufficient to warrant them in finding that the beer was in the possession of defendant for the purpose of violating the law.

The case is affirmed.

BESSEY, P. J., and DOYLE, J., concur.