## ALVA MERCK v. STATE.

No. A-5624.   Opinion Filed Sept. 18, 1926.
(249 Pac. 163.)

Darnell & La Rue, for plaintiff in error.

Geo. F. Short, Atty. Gen., for the State.

EDWARDS, J.  The plaintiff in error, hereinafter called defendant, was convicted in the county court of Dewey county on a charge of having possession of mash with the intent to violate the prohibitory liquor laws, and his punishment fixed at confinement in the county jail for a term of 90 days and a fine of $200.

The record discloses that in February, 1925, certain officers went to a canyon near the town of Putnam, where they had previously located some mash.  On going across a tract of land before they reached the place where the mash was, they discovered a still in operation, with four persons about it, whom they arrested.  About an hour afterwards, defendant came down the canyon, picked up an armful of wood and walked up within 40 or 50 feet of the still, when he was accosted by the officers.  Defendant then dropped the wood and told the officers that he had heard the still was in operation and came to get

some whisky, and at the time informed them that he had no connection with the still, and had not been there before. Defendant testified that he lived at Putnam, about three miles from where the still was found; that on the day before his arrest Doug Evans, one of the persons arrested at the still, told him that he was going to make some liquor, and for that reason he went there. That he picked up the wood and intended to take it to the still. That he had never been there before, had no interest in the still or mash, and had never been in possession of it. Three of the persons arrested pleaded guilty and were serving time at the trial of defendant. Each testified that defendant had no interest in the still or mash, never had possession of it, and had not been there before. One of them, Doug Evans, testified that on the previous day he had informed defendant that they were going to make the whisky the day of the arrest. Defendant also offered evidence of previous good reputation.

It is first argued that the evidence was incompetent as having been obtained without a search warrant. The evidence is that the still was in a pasture a half mile or more from any residence. It has frequently been held by this court that no search warrant is necessary for the search of fields, woods, pastures, or other places not in the proximity of a residence. Rogers v. State, 28 Okla. Cr. 195, 230 P. 279; Reutlinger v. State, 29 Okla. Cr. 290, 234 P. 224; Findley v. State, 29 kla. 351, 234 P. 227; Penney v. State, 35 Okla. 151, 249 P. 167.

It is also argued that the county attorney in his closing argument was guilty of misconduct in going outside the record and making inflammatory and prejudicial statements. We have examined the argument and find that the county attorney did go outside the record by way of illustrating his argument, and his argument was calculated to inflame the minds of the jury and prejudice them against defendant.

The most serious contention, however, is that the evidence is not sufficient to sustain the verdict. There is no direct proof that defendant had possession of the mash, but the proof against him rests on the circumstances of his approaching the still and picking up an armful of wood for the purpose of aiding in the process of distilling. This evidence is strongly persuasive, and, at the least, shows a willingness on the part of defendant to assist in the manufacture of whisky. His explanation, however, is reasonable and is corroborated by those who admittedly were in possession of the still and mash. Their evidence may well be viewed with suspicion and may not be entitled to much credence, but, in view of the previous good reputation proven by defendant and the slight facts of his connection in evidence, and the preponderating evidence against his possession of the mash, we think the case is not proven to that degree of certainty required.

The case is reversed and remanded.

BESSEY, P. J., and DOYLE, J., concur.