R. L. CUMMINGS et al. v. STATE.

No. A-5737. Opinion Filed May 21, 1927.
(256 Pac. 70.)

John L. Ward, L. O. Todd, and Charles Skalnik, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Tulsa county on a charge of having the possession of a still, and the defendant Cummings was sentenced to pay a fine of $500 and to be imprisoned in the county jail for a term of 180 days, and the defendant Rice was sentenced to pay a fine of $50 and to be imprisoned in the county jail for a term of 30 days.

The record discloses that on the date charged two officers were looking for one Bennett, a son-in-law of defendant Cummings, intending to arrest him for a misdemeanor, although they had no warrant. They drove on a by-road about one-fourth mile from Cummings' residence, opposite an old house in a field in which no one lived, saw some one near this house, and walked across the field toward it. The door toward which they walked was nailed up, and as they got near this house they smelled the odor of cooking mash, and walked around the house opposite another door, which was open. There they saw a still in operation, with

defendant Cummings working at it, and defendant Rice standing near. The fire was going, and mash was in the boiler. Three barrels of mash were in the room, and eight or ten barrels in a nearby cellar.

It is first argued that this evidence was discovered by reason of an unlawful search; that the officers at the time they made the discovery were trespassers, and this evidence should have been suppressed and excluded. This claim is not tenable. Under the evidence, no search was in fact made, but the still was discovered without search. Sprinkle v. State, 34 Okla. Cr. 161, 245 P. 901. The building in which the still was found was not the residence of any one nor was it within the curtilage of any residence. In approaching it the officers were not committing a trespass which will exclude the evidence obtained there by them. Penney v. State, 35 Okla. Cr. 151, 249 P. 167; Merck v. State, 35 Okla. Cr. 160, 249 P. 163.

The contention is also made that the court erred in refusing a continuance. After the jury had been impaneled and before the taking of evidence, the state asked leave to indorse the name of an additional witness, the county clerk of the county, which leave was granted over the objection of defendant. The county attorney at the time stated that his name was omitted from the information by a mere oversight. The testimony of this witness is that there was no certificate of registration of such still filed in Tulsa county. This objection appears to be highly technical; the indorsement could not have surprised defendants.

The still was upon land belonging to and in the possession of defendant Cummings. Defendant Rice was a son-in-law of Cummings, and at the time lived in another county and was visiting Cummings. The proof of possession by Rice is not sufficient to sus-

tain the judgment as to him. The jury must have been impressed with its weakness, since they assessed against him the minimum punishment only.

Complaint is next made that the court erred in refusing requested instructions and in the giving of several of the charges of the court. We have examined the requests made and the charge given, and find that it substantially and correctly covers the law of the case, and there is no error requiring a reversal.

The case is affirmed as to the defendant R. L. Cummings, and reversed as to defendant Joe Rice.

DOYLE, P. J., and DAVENPORT, J., concur.