## JIM MITCHELL v. STATE.

No. A-6093.   Opinion Filed Oct. 1, 1927.
(259 Pac. 661.)

D. E. Ashmore and A. W. Anderson, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.   The plaintiff in error, hereinafter called defendant, was convicted in the county court of Okfuskee county on the charge of having the unlawful

possession of a still, and was sentenced to pay a fine of $500 and to serve a term of 90 days in the county jail.

The record discloses that defendant had leased for agricultural purposes, and was in possession of certain premises upon which a still in operation was found. Defendant testified that he subleased the land on which the still was found to one Middleton. At the time the still was found, both defendant and Middleton were at it, apparently participating in its operation. Defendant and Middleton were jointly charged, but a severance had been taken. Middleton sought to take all the responsibility, and testified that the still was his property. The jury evidently did not believe the testimony of defendant and Middleton that Middleton alone was in possession of the still. The facts and circumstances were sufficient that the jury might reasonably and logically find the defendant guilty.

Complaint is also made that the officers made an unlawful search. No search warrant was necessary for the investigation that led to the finding of the still. It was in a brushy woods pasture, an unfrequented place, one-quarter to one-half of a mile from the residence. Merck v. State, 35 Okla. Cr. 160, 249 P. 163; Penney v. State, 35 Okla. Cr. 151, 249 P. 167. The officers testified they looked into the defendant's barn and to this extent the search was unwarranted, but the overstepping the right of search does not affect the case. No reason to interfere with the verdict of the jury is apparent. The case is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.