## BILL BRINSFIELD v. STATE.

No. A-6098.   Opinion Filed Oct. 5, 1927.
(259 Pac. 875.)

Huggins & Huser, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Seminole county of having the unlawful possession of a still and was sentenced to serve a term of 90 days in the county jail and to pay a fine of $200.

Several assignments of error are argued: First, that chapter 42, Second Session of the Ninth Legislature, Session Laws 1923-24, the act under which the prosecution is based, is unconstitutional for the reason that the title of said act embraces more than one subject in violation of article 5, § 57, of the Constitution, which provides that every act of the Legislature shall embrace but one subject, which shall be clearly expressed in its title, except certain excepted matters. The title of the act in question reads:

"An act relating to stills, distilleries, mash, wort, wash, fit for distillation or for the manufacture of beer, wine, distilled spirits, or other alcoholic liquor, fixing the penalty for the violation thereof, and declaring an emergency."

It is argued that stills are one subject; mash, wort, wash, etc., another subject. A narrow technical rule of construction should not be applied to the title of a legislative act, but such construction should be reasonable and liberal. The subject of this act is the implements and materials used in the manufacture of intoxicating liquor, and they are enumerated as stills, distilleries, mash, wort, and wash. The possession, manufacture, selling, advertising, setting up, or using of any of these implements or materials, or permitting the same to be used on the premises owned or controlled by any person, is made an offense. In the case of Kemp v. State, 35 Okla. Cr. 128, 248 P. 1116, the question here presented was discussed

at length and the statute upheld as constitutional, it being there said:

"The word 'subject,' as used in section 7, art. 6 of the Constitution, is used in a broad and extended sense, and is the thing forming the generic head of the matter submitted. It may include numerous minor subjects relating, germane to, and having a mutual connection with, the subject proper."

It is next argued that the court erred in permitting the state to introduce evidence obtained by illegal search. There is a conflict in the testimony as to whether or not the officers making the search had a search warrant. Some of the officers testified that one of their number had a search warrant, but it was not produced and could not be located, nor could any one by whom it was issued be found. If issued, no record nor return seems to have been made of it by the officers. The court is warranted in holding that they acted without a search warrant and the search of the residence was illegal. The still was found about 150 yards from the residence of the defendant, in a deserted place surrounded and concealed by grape vines. No search warrant was necessary for the search of the place where the still was found. Penney v. State, 35 Okla. Cr. 151, 249 P. 167; Merck v. State, 35 Okla. Cr. 160, 249 P. 163; Cummings et al. v. State, 37 Okla. Cr. 47, 256 P. 70.

The finding of the still on the premises of defendant is prima facie proof of possession by defendant and the jury could have found no verdict other than guilty. The admission of the incompetent evidence procured by unlawful search of the residence of defendant may have contributed to the punishment assessed. Justice requires that the punishment be reduced to the minimum of confinement in the county jail for 30 days and to a fine of $50. Such reduction of punishment renders harmless

the admission of the incompetent evidence complained of.

As modified the judgment is affirmed.

DOYLE, P. J., concurs.

DAVENPORT, J., absent, not participating.