## HORACE GILSTRAP et al. v. STATE.

No. A-5957.   Opinion Filed Jan. 14, 1928.

(263 Pac. 155.)

M. D. Hartsell and W. W. Cotton, for plaintiffs in error.

Edwin Dabney, Atty. Gen., for the State.

EDWARDS, J.  The plaintiffs in error, hereinafter called defendants, were convicted in the county court of Muskogee county on a charge of having the unlawful pos-

session of mash fit for distillation, and were each sentenced to pay a fine of $50 and to serve 30 days in the county jail.

The record discloses that one Louis Gilstrap owned a rough farm about 5 miles from the town of Braggs. This farm was leased to defendants, who resided thereon, and who are brothers-in-law. At the time charged, two officers and another person went to this place, and about 240 or 250 yards from the residence house, in an exceedingly rough and secluded place in a woodland pasture, found a cave or dugout fitted up, containing about 200 gallons of whisky mash in four barrels, a stove, and some other paraphernalia. About 50 yards distant was a large spring from which water for use in distilling was evidently procured. A foot trail led from the residence house out through a cotton patch to a garden which was about 40 or 50 yards from this cave, and there is evidence, although it is conflicting, that a foot trail led from this garden in the direction of the spring and passed near the cave. No one else lived near.

It is argued that the evidence is insufficient to sustain the judgment. The evidence is entirely circumstantial, but the circumstances are consistent with the guilt of defendants and inconsistent with their innocence. It is not reasonable that any other person would have come upon the premises occupied by defendants and within 250 yards of their residence have prepared the cave, placed mash therein, and have installed the fixtures found by the officers. In many respects the facts in this case are similar to those in Kelso v. State, 38 Okla. Cr. 342, 261 P. 377, wherein the circumstantial evidence was held sufficient.

The further complaint is made that the court admitted incompetent testimony which materially prejudiced the substantial rights of defendants. This contention is on the theory that the officers making the search were without a valid search warrant. This court has many times held that a search warrant is not necessary for the search of wood-

lands, canyons, pastures or fields not in the immediate proximity of a dwelling house, and that a search without a warrant, of such places, is not unreasonable. Penney v. State, 35 Okla. Cr. 151, 249 P. 167; Merck v. State, 35 Okla. Cr. 160, 249 P. 163; Cummings et al. v. State, 37 Okla. Cr. 47, 256 P. 70; Mitchell v. State, 38 Okla. Cr. 167, 259 P. 661.

The case is affirmed.

DOYLE, P. J., and DAVENPORT, J., concur.