## EARL MIDDLETON v. STATE.

No. A-6138. Opinion Filed May 31, 1928.
(267 Pac. 682.)

Don Cameron, for plaintiff in error.

198

Edwin Dabney, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DOYLE, P. J. The information in this case charges that in Okfuskee county, April 29, 1925, Jim Mitchell and Earl Middleton did then and there unlawfully have in their possession a still and worm, which, after being set up, could be used for the production of distilled spirits. A severance was granted, and on the trial of appellant the jury returned a verdict finding him guilty and fixing his punishment at a fine of $500 and imprisonment in the county jail for six months.

To reverse the judgment, he appeals and assigns as error the insufficiency of the information and the insufficiency of the evidence to support the verdict.

The assignment that the information fails to state a public offense is not well taken. It follows that the defendant's demurrer thereto was properly overruled.

The state's testimony, which is undisputed, the defendant not having testified as a witness, is substantially as follows:

Frank Gaghagen, deputy sheriff of Okfuskee county, testified that, accompanied by Billy Boots and George Luttes, he left Henryetta and proceeded 5 or 6 miles south, and there in the brush found a still in operation, and it was running whisky, and near by a jug containing whisky; that the place was about half a mile from Mr. Mitchell's house and about 30 or 40 yards from another house, and you could see the still in operation from this house; that he did not have a search warrant or any warrant of arrest for the defendants.

C. W. Boots, deputy sheriff of Okfuskee county, testified that they found a still running, and Jim Mitchell and Earl Middleton and a boy were there at the still; that there was a bucket under the drip of the still about half full of

whisky; he identified the still found and the same was offered in evidence; that the still was found in Okfuskee county; that the defendant, Middleton, said the still belonged to him; that he had put all his money in the still and mash, and that left him flat broke.

At the close of the evidence for the state, the defendant moved the court for a directed verdict of acquittal, because all the evidence was illegally obtained, which motion was overruled.

We are unable to agree with counsel for appellant that the evidence is insufficient to support the verdict. Upon the undisputed facts and the admission of the defendant, the evidence is without a doubt sufficient to sustain the verdict and judgment.

It is also urged that the evidence for the state was unlawfully obtained. In the companion case of Mitchell v. State, 38 Okla. Cr. 167, 259 P. 661, it is said:

"No search warrant was necessary for the investigation that led to the finding of the still. It was in a brushy woods pasture, an unfrequented place, one-quarter to one-half of a mile from the residence."

See Merck v. State, 35 Okla. Cr. 160, 249 P. 163; Penney v. State, 35 Okla. Cr. 151, 249 P. 167.

Upon the whole case it appears that the defendant was accorded a fair trial.

The judgment of the lower court is accordingly affirmed.

EDWARDS and DAVENPORT, JJ., concur.