## A. E. PINNICK v. STATE.

No. A-6994.  Opinion Filed Jan. 25, 1930.
Rehearing Denied Aug. 29, 1930.
(290 Pac. 1113.)

W. B. Richards, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted on a charge of embezzlement, and his punishment, fixed at two years in the penitentiary.   Motion for new trial was filed, considered, overruled, exceptions saved, and the case appealed to this court.

The state, to sustain its allegations, called O. M. Kramer, the party whose money the defendant is alleged to have embezzled.   Kramer testified that he had employed the defendant to represent him in a lawsuit and to collect and remit to him for rentals for property belonging to him, located in the town of Yale, Okla., where the defendant was located, engaged in the practice of law; Kramer lived in the city of Bristow, Okla.; that the defendant collected money for him, sent him checks which were protested by the banks on which they were drawn for insufficient funds. The record further showed defendant had not accounted to the prosecuting witness for the amount of money collected from the tenants of the witness Kramer's property, though Kramer had requested payment.   Defendant does not deny he collected the money he is charged with embezzling, but contends that he told Kramer he would pay him, and that Kramer replied that he would send the defendant to the penitentiary.   The foregoing is, in substance, the testimony.

Nine errors are assigned and argued by the defendant.   However, no authorities are cited in support of his contentions.   The first and ninth assignments are as follows:

"1.   That the court erred in overruling plaintiff in error's motion for a new trial."

"9. That the evidence is not sufficient to sustain the verdict."

These two assignments will be considered together, as they relate to the same question, the insufficiency of the evidence to sustain the judgment.

Section 2121, C. O. S. 1921, defines embezzlement as follows:

"Embezzlement is the fraudulent appropriation of property by a person to whom it has been entrusted."

This charge was based on section 2124, which reads as follows:

"If any person being a trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator or collector, or being otherwise entrusted with or having in his control property for the use of any other person, or for any public or benevolent purpose fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, he is guilty of embezzlement."

Sections 2127 and 2130 read as follows:

"A distinct act of taking is not necessary to constitute embezzlement, but any fraudulent appropriation, conversion or use of property, coming within the above prohibitions is sufficient."

"The fact that the accused intended to restore the property embezzled is no ground of defense, or of mitigation of punishment, if it has not been restored before an information has been laid before a magistrate, charging the commission of the offense."

The undisputed testimony shows that the defendant had collected rents for several months and failed to account to the prosecuting witness, Kramer, for the moneys due him from said collections. During the several months

Pinnick acted as agent for Kramer, his collections amounted to something like $300. The charge in the information is for embezzlement of $81.50, which, as shown by the testimony in the record, was a part of the money collected from the tenants of Kramer, which the said defendant had failed to pay to the witness Kramer. The proof in this case is amply sufficient to sustain the conviction.

It is further urged by the defendant that the information is insufficient to charge the crime of embezzlement. Upon an examination of the record we find that the defendant did not attack the information by a demurrer in the trial court. The record discloses that after the trial the information was attacked by the defendant by a motion in arrest of judgment. However, the defendant, in filing his assignments of error, failed to include his motion in arrest of judgment as one of the errors assigned. No demurrer having been filed to the information in the trial court, the failure of the defendant to include in his assignments of error the action of the court in overruling his motion in arrest of judgment, the question of the sufficiency of the information is not properly before this court for review.

After a careful examination of the information, we hold that, under the former rulings of this court, the information properly charged the crime of embezzlement. Morrison v. State, 7 Okla. Cr. 242, 123 Pac. 169.

The defendant urges that improper testimony was admitted, which related to a wide range of transactions and sums of money other than that charged in the information, and he urges that the proof should have been confined to the single transaction charged in the information.

In the case of Miller v. State, 13 Okla. Cr. 176, 163 Pac. 131, L. R. A. 1917D, 383, this court held:

"Generally speaking, evidence of other crimes is competent to prove the specific crime charged when it tends to establish: First, motive; second, intent; third, the absence of mistake or accident; fourth, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the other; fifth, the identity of the person charged with the commission of the crime on trial."

We have carefully examined the record and the argument of the defendant, and find that the information sufficiently charges the crime of embezzlement; that the court properly instructed the jury as to law; that the testimony is sufficient to sustain the conviction.

In view of the fact that the amount alleged to have been embezzled by the defendant is a small amount, we believe that the ends of justice will be properly met by a modification of the sentence from a term of two years to a term of one year in the penitentiary, and, as so modified, the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.