CARL McNEILL v. STATE.

No. A-7186.   Opinion Filed April 5, 1930.
(287 Pac. 1045.)

54

Morris & Wilhite, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, J. The plaintiff in error, hereinafter called the defendant, was convicted of having in his possession a whisky still for the unlawful purpose of manufacturing whisky and distilled spirits, and sentenced to pay a fine of $100 and be imprisoned in the county jail for thirty days. From the sentence and judgment the defendant has appealed to this court.

The testimony on behalf of the state tends to show that the officers were out in the neighborhood of defendant's home and, after they had searched the place of a man by the name of Thornton, went over on defendant's place about a quarter of a mile from defendant's home, and in a small canyon in a woods pasture found a still set up ready

to be operated, and near that place they claim to have found some barrels of mash. The defendant was not at home at the time, and no one was found in possession of the still or near it. The defendant had cultivated the land near where the still was found and part of the corn had been gathered, and there had been a wagon going back and forth in the cornfield and near where the still was found and they claim there were tracks of parties near the still, and they saw evidence that the still had been operated a short time prior to finding it. The officers did not find any whisky or anything in the way of empty bottles or jugs that might be used as containers for whisky.

The defendant denies that he had anything to do with the still, or that he had any knowledge it had been placed in the canyon in the woods pasture more than a quarter of a mile from his home, which canyon could not be seen from the house. A number of witnesses testify to the defendant's previous good character, and the record shows that he had never been charged with a crime previous to this time. Defendant shows by his tenant on the place that he had been working in the cotton patch, and hauling cotton to the market, a few days prior to the time the officers found the still. The defendant hauled a load of cotton to Gracemont the day the officers found the still, and the tenant accompanied him, and that in the afternoon the defendant and his wife went to Anadarko, and the tenant on the farm, in his own car, went to Anadarko.

The testimony of the defendant further tends to show that the defendant had been in the state of Kansas for more than a week prior to the finding of the still by the officers, and had returned a day or two before the still was found. All of the testimony of the state contained in the record is circumstantial; neither of the officers knows to whom the still belonged, and each of them testified that

the defendant was not at home when they found it, and that the still was a quarter of a mile from the defendant's home and could not be seen from the house, and that no one was found in possession of the still. There is no testimony tending to show that the defendant was ever about the still, had anything to do with it, or knew it was in the canyon where it was found.

The defendant alleges eleven errors committed by the court in the trial of his case. The first assignment of error is that the court erred in overruling the motion of the plaintiff in error to suppress certain evidence. Before the trial in this case began, the defendant filed a motion to suppress the evidence on the ground that the search made by the officers of this place on the 27th day of October, 1927, was an unlawful search, for the reason that they had no search warrant. It was admitted by the officers they did not have a search warrant to search the premises of the defendant.

In Merck v. State, 35 Okla. Cr. 160, 249 Pac. 163, this court in the syllabus said:

"A search and seizure * * * where it is made in canyons, pastures, or fields not in close proximity to any residence, is not 'unreasonable,' within the meaning of the Constitution."

In Perry et al. v. State, 42 Okla. Cr. 92, 274 Pac. 686, this court in the syllabus said:

"Where the commission of an offense is suspected, a search of woodlands, pastures, or fields, not within the curtilage or close proximity of a dwelling house, is not unreasonable, and a search warrant is not necessary."

In this case the testimony shows that the place where the still was found was in a canyon in the woodland pasture, a quarter of a mile or more from any dwelling house, and the motion of the defendant was properly overruled.

The defendant in his seventh assignment of error urges that the court erred in giving instruction No. 4, over his objections, which is as follows: "The court instructs the jury that in this case the state relies in part for conviction of the defendant on what is known as circumstantial evidence, and in this connection you are instructed that circumstantial evidence may be sufficient upon which to base a conviction, but before you will be authorized to convict the defendant upon circumstantial evidence, you must find that the innocence of the defendant is inconsistent with any other reasonable hypothesis other than the guilt of the defendant, and if from all the evidence and circumstances you are convinced there is no other reasonable hypothesis other than the guilt of the defendant, then it will be your duty to return a verdict of not guilty."

The defendant insists that the instruction given by the court to the jury is erroneous and places the burden upon the defendant. This court has many times passed on the proper instructions to be given by the court when the testimony of the state is circumstantial. We have examined the record in this case, and while the court in one of its instructions told the jury that the state relied in part on circumstantial evidence, we find that the evidence in this case is all circumstantial, there being no positive testimony to connect the defendant with the still claimed to have been found by the officers. The question is: Did the court in giving the instruction complained of by the defendant on circumstantial evidence correctly instruct the jury as to the law.

If the court gives an instruction upon circumstantial evidence, it should be accompanied by an instruction giving the law of circumstantial evidence substantially in the following language:

"You are instructed that the state relies for a conviction in this case upon what is known as circumstantial evidence, and in this matter you are instructed that, to warrant a conviction upon circumstantial evidence, each fact necessary to the conclusion sought to be established (that is, the guilt of the defendant) must be proved by competent evidence, beyond a reasonable doubt, and that all the facts and circumstances proven should not only be consistent with the guilt of the accused, but consistent with each other, and inconsistent with any other reasonable hypothesis or conclusion than that of his guilt, and sufficient to produce in your minds the reasonable moral certainty that the accused committed the offense charged against him. You are instructed that, when the circumstances are sufficient under this rule herein given you, they are competent and are to be regarded by the jury as competent for your guidance as direct evidence."

The instruction given was prejudicial; at least, it did not state the rule of law on circumstantial evidence correctly. Carter v. State, 6 Okla. Cr. 232, 118 Pac. 264; Baldwin et al. v. State, 11 Okla. Cr. 228, 144 Pac. 634; Jackson v. State, 22 Okla. Cr. 354, 211 Pac. 1066, 1072.

The defendant may be guilty of the offense, but he is entitled to a fair and impartial trial, and it is the duty of the court, when it undertakes to instruct the jury upon the question of law, to give the correct instruction. In this case the testimony is not very strong and purely circumstantial, and no one can tell what the verdict of the jury would have been had the court properly instructed the jury as to the law of circumstantial evidence.

There are other errors complained of in this record, but, the view we take of this record, it is not necessary to consider them. For the reasons herein stated, the case is reversed.

EDWARDS, P. J., and CHAPPELL, J., concur.