## CURTIS NIX v. STATE.

No. A-7250. Opinion Filed May 10, 1930.
Rehearing Denied June 5, 1930.
(288 Pac. 365.)

Wilkins & Wilkins, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Love county on a charge of having sour mash in his possession, and his punishment fixed at a fine of $50 and confinement in the county jail for a period of 30 days.

The defendant in his brief says:

"The evidence of the state tended to prove the following facts: Earl Tynes and Frank Bays living near Orr, Oklahoma, in Love county, were officers of the law in 1926 and these two officers went to a place they understood was Luther Hodges' and saw Mr. Nix there with others digging a well. Mr. Nix was living on the premises and found a bunch of barrels about 10 or 15 steps from the well with some beer in them. This mash was found in the pasture about 250 yards from the house. The officers poured it out. The mash was suitable to make corn whisky out of. This was found about 250 yards from his house in the pasture. It had not reached the stage of fermentation.

"Mr. Tynes testified. That Mr. Nix said the mash did not belong to anyone of the other 4 or 5 boys, that it belonged to him. Also that this occurred in Love county, Oklahoma."

It further appears from the record that Frank Bays, as a witness for the state, testified as follows:

"No sir, wasn't acquainted with them much. We were just walking up there and he asked us to come on up, told him we had found 14 barrels of mash, and he said come on up, this is all mine, doesn't belong to these other boys, and one of them was in the well at that time."

Frank Bays further testified that the twelve barrels

of mash were found in the pasture about 250 yards from the house, and that he did not search the house, barn, or any other part of the premises except the pasture.

The defendant complains first that the court erred in permitting the state, after the jury was impaneled, to amend the information by striking out the words: "Said sour mash mentioned aforesaid containing more than one-half of one per cent. alcohol measured by volume," and by adding the following words to said information: "Said mash being then and there fit for distillation of spirits and intoxicating liquors." The record discloses that the defendant objected to this amendment to the information, and saved exceptions to the ruling of the court thereon, but did not ask for a continuance or postponement of the trial. The defendant objected to proceeding with the trial and the hearing of any evidence in the case, not on account of any alleged prejudice in permitting the amendment of the information, but because the state had not produced the affidavit and search warrant at the beginning of the trial. Thereupon the county attorney announced that no search warrant was used and the evidence would show none was necessary. This court has repeatedly held that an information may be amended as to substance where the same may be done without substantial prejudice to the rights of the defendant. Rich v. State, 46 Okla. Cr. 242, 284 Pac. 903, and cases therein cited.

Defendant next contends that the court erred in overruling his motion to suppress the evidence because the same was obtained upon an illegal affidavit and search warrant. When the commission of an offense is suspected, a search without a warrant of woodlands or pastures not within the curtilage or close proximity of any residence is not unreasonable within the meaning of the Constitution. Merck v. State, 35 Okla. Cr. 160, 249 Pac. 163;

Mitchell v. State, 38 Okla. Cr. 167, 259 Pac. 661; Perry v. State, 42 Okla. Cr. 92, 274 Pac. 686.

The evidence of the state was that the mash was found in a pasture some 250 yards from the house, and that, when the defendant saw the officers, he called to them, and requestad them to come on up where he was, which was some ten or fifteen steps from the mash, and told the officers that the mash was his, and that the other men there had no interest in it. Under the facts in this case no search warrant was necessary, and the evidence was properly admitted.

Finally, the defendant contends that the evidence is insufficient to support the verdict of the jury. This contention is without merit. For the reasons stated, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.