## W. A. KELLEY v. STATE.

No. A-7419. Opinion Filed June 28, 1930.
Rehearing Denied Aug. 23, 1930.
(290 Pac. 417.)

H. W. Morgan, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J. The plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county on a charge of having possession of a still worm, and his punishment fixed at a fine of $100 and confinement in the county jail for a period of 60 days.

The evidence of the state was that the officers went to defendant's premises and without a search warrant

searched the timber about 150 or 200 yards east of defendant's house; that defendant was working in a cotton field near the house; that one of the officers watched the defendant from a distance, and that he called one of his little girls to him, and she walked down to a little pond about 150 or 200 yards from where defendant was working, and threw a worm of the still into the lake; that the officers found mash barrels and other things showing operation of a still; that the officers then arrested the defendant and took him to the house; that some one dumped a large amount of whisky from the window upstairs and the officers caught a half gallon.

Defendant on cross-examination admitted that he knew the still was there, admitted that he had whisky in his house, admitted that he had seen the mash barrels and the furnace where the still had been operated, but denied that he owned it or had anything to do with its operation. Defendant testified that the still was found on his premises and outside of his curtilage, and that the officers made no effort to search the house or any part of his premises except this woodland and pond where this still was found.

The principal question presented is the right of the state to search premises, of the character testified to by the defendant, without a search warrant. The following cases support the right of the officers to search: Merck v. State, 35 Okla. Cr. 160, 249 Pac. 163; Penney v. State, 35 Okla. Cr. 151, 249 Pac. 167; Mitchell v. State, 38 Okla. Cr. 167, 259 Pac. 661; Perry v. State, 42 Okla. Cr. 92, 274 Pac. 686.

The evidence obtained under the search being admissible and sufficient to support the verdict of the jury, the cause is affirmed.

EDWARDS, P. J., and DAVENPORT, J., concur.