## A. E. PINNICK v. STATE.

No. A-6994.  Opinion Filed Feb. 7, 1931.
(296 Pac. 507.)

W. B. Richards, for plaintiff in error.

J. Berry King, Atty. Gen., and Smith C. Matson, Asst. Atty. Gen., for the State.

CHAPPELL, J.  Plaintiff in error, hereinafter called defendant, was convicted in the district court of Payne county of the crime of embezzlement, and his punishment fixed by the jury at imprisonment in the state penitentiary for two years.

On the 25th day of January, 1930, this court handed down an opinion (48 Okla. Cr. 250, 290 Pac. 1113) modifying and affirming the case, and in due time thereafter a petition for rehearing was filed and denied.  Thereafter defendant was given leave to file a second petition for rehearing, and in such petition earnestly contends that the case must be reversed because the evidence is insufficient to support the verdict of the jury, and for the further reason that the evidence tends to establish the relation of

58

debtor and creditor between the defendant and the prosecuting witness.

It appears from the evidence that the defendant was an attorney at law, having offices at Yale, Okla.; that the prosecuting witness was the owner of a business building and rooming house in the town of Yale, and that he employed the defendant to rent the rooming house, collect the rents, purchase and furnish supplies for the rooming house, pay for repairs and for water and gas, and to appear as attorney for the prosecuting witness in certain cases, which expenditures were all to be deducted from the rents collected, and that defendant was entitled to be reimbursed for his services as attorney, for his commissions for collecting the rents, and for the repairs, supplies, water, and gas purchased for the prosecuting witness out of the funds so collected before paying the balance over to the prosecuting witness.

It further appears from the evidence that, in pursuance of such employment, defendant collected certain rents and deposited them in certain banks in Yale, in his own name, and wrote checks thereon. Among the checks written was one for $84.25, which defendant never presented to the bank upon which it was drawn.

Defendant was charged with embezzlement of $81.50. The proof was that the defendant received this check and deposited it to his personal account. Considering the nature of the defendant's employment and the manner in which the business was handled, and considering the further fact that defendant had on deposit more than sufficient funds to take up the check for $81.50, the proof of the state was insufficient to show a fraudulent intent on the part of the defendant to embezzle the moneys, as alleged in the complaint.

This court has repeatedly held that, where the evidence is insufficient to support the verdict of the jury, it is the duty of this court to reverse the case. Owens v. State, 11 Okla. Cr. 113, 143 Pac. 204; Taylor v. State, 36 Okla. Cr. 419, 255 Pac. 158.

The evidence being insufficient to support the verdict of the jury, the cause is reversed.

DAVENPORT, P. J., and EDWARDS, J., concur.