## NORMAN ORME v. STATE.

No. A-8160.   Oct. 2, 1931.
Rehearing Denied Oct. 30, 1931.
(4 Pac. [2d] 125.)

Morris & Wilhite, for plaintiff in error.

The Attorney General, for the State.

CHAPPELL, J.   Plaintiff in error, hereinafter called defendant, was convicted in the county court of Caddo county of the crime of unlawful possession of a still, and his punishment fixed by the jury at a fine of $250 and imprisonment in the county jail for 30 days.

The evidence of the state was that the officers had searched the place east of defendant's at about 2 or 3 o'clock in the afternoon; that they left their car parked south of defendant's home; that when they came back they could smell mash from where their car was parked; that they crossed over the fence and about 100 yards in defendant's field found a still set up; that this still was located about 150 yards from the curtilage of defendant's home; that the still consisted of a 150 or 200 gallon copper pot, two concrete vats, 3,000 gallons of mash, and a doubler and condenser, all complete and set up for operation out in the woods south of his house; that this still was ca-

pable of being used for the manufacture of whisky; that the ground was freshly trampled around the still and coals and ashes smouldering there; that there was a well there, about 25 feet deep; that there was a small amount of whisky in the doubler; that about 50 yards from the still and on the same creek there was another still site similar to the one where the still was found; that when the officers found the still they had no search warrant; that they went back to town and went to the county attorney and got a search warrant to search the house and premises for whisky, but found nothing in addition to the still.

Defendant contends first that the search and seizure was illegal for the reason that there was more than one house on these premises, and the warrant was insufficient to authorize a search.

This court in a number of cases has held that no search warrant was necessary to search woodlands, pastures, or fields lying outside of the curtilage. Penney v. State, 35 Okla. Cr. 151, 249 Pac. 167; Mitchell v. State, 38 Okla. Cr. 167, 259 Pac. 661; Perry v. State, 42 Okla. Cr. 92, 274 Pac. 686.

The record discloses that the officers found no liquor or other paraphernalia under the search warrant which they procured to search the house and buildings, after they had discovered the still. The fact that the officers procured a search warrant to enable them to search the house and buildings would have nothing to do with the admissibility of the evidence found prior thereto, where no search warrant was needed. It was not error, therefore, for the trial court to admit the evidence of the officers as to the still.

The evidence being sufficient to support the verdict of the jury, the cause is affirmed.

DAVENPORT, P. J., and EDWARDS, J., concur.