Arthur WYSS *v.* STATE of Arkansas

CR 77-153 558 S.W. 2d 141

Opinion delivered December 5, 1977
(Division I)

*C. W. Knauts,* for appellant.

*Bill Clinton,* Atty. Gen., by: *Jackson Jones,* Asst. Atty. Gen., for appellee.

GEORGE ROSE SMITH, Justice. Arthur Wyss was charged with the burglary of a church at Knob, in Clay county, with the theft of a piano and other church property, and with the theft on the same day of an axe and other tools kept at Luttrell's Sawmill. The jury returned a verdict of guilty as to the third charge, a misdemeanor, and imposed a six-month jail sentence. A mistrial was declared as to the other two charges, the jurors being unable to agree. On this appeal from the con-

viction the appellant's principal arguments, among seven points for reversal, relate to the sufficiency of the State's proof and to the admissibility of evidence obtained without a search warrant.

The State proved that on February 1, 1976, the church was broken into and the piano and other property were taken. Investigation led the police to suspect Wyss as the criminal and to suspect that some of the stolen tools might be in a pickup truck that Wyss had been driving. On the night of February 9 several officers went to the home of Wyss's father, in the Knob community, to interview Arthur Wyss. He refused to be interrogated. One of the officers left to obtain a warrant for a search of the truck, while two other officers remained on the premises. They heard a vehicle start up and concluded that it had been driven into the surrounding woods. They searched the woods and found the pickup truck about a mile from the home place, off the road and wedged between two trees. With the aid of a flashlight they saw in the bed of the truck, in plain view, an axe which they recognized from its prior description as having been stolen from the sawmill. There were also a crowbar and a toolbox in the bed of the truck, but the officers did not take possession of those articles until they made a second trip to the truck after the third officer returned without having been successful in obtaining a search warrant late at night.

Arthur Wyss was arrested and taken to jail. In a statement which the trial judge found to be admissible — and we agree with that finding — Wyss in effect admitted at least complicity in the theft of the piano by saying that it had been sold for $200 and that he could recover it within four or five days if given the opportunity. We need not detail the proof that leads us to sustain the trial judge's finding that the statement was voluntary.

First, the warrantless seizure of the axe, the crowbar, and the toolbox, was valid. The axe was in plain view and was recognized by the officers as being stolen property. We do not agree that the officers were not entitled to be where they were when they discovered the truck. A search of open land without a warrant is permissible. *Hester* v. *United States*, 265 U.S. 57 (1924); Rules of Criminal Procedure, Rule 14.2

(1976). We have applied the same rule to forested areas. *Bedell* v. *State,* 257 Ark. 895, 521 S.W. 2d 200 (1975). The constitutional provisions, state and federal, against unreasonable searches and seizures protect the people in the security of "their persons, houses, papers, and effects." A wooded area a mile away from the elder Wyss's house, even though it belonged to him, cannot be regarded as appurtenant to his house or curtilage and so falls in the same category as an open field. *Orme* v. *State,* 52 Okla. Crim. 253, 4 P. 2d 125 (1931). It would be wholly unreasonable to require law enforcement officers, in the pursuit of an escaped criminal, to obtain a search warrant as a condition to looking for him in a forest. This case falls within the same reasoning. Further, the officers, having recognized the axe as stolen property, were justified in also taking the crowbar and the toolbox, in view of Luttrell's report that tools in addition to the axe had been stolen from the sawmill. We do not regard a toolbox as "a repository of personal effects," such as the footlocker that was protected in *United States* v. *Chadwick,* 45 U.S.L.W. 4797 (U.S., June 21, 1977).

Second, given the admissibility of Wyss's statement to the officers and of the items taken from the truck, the State's proof was sufficient to make a case for the jury. Wyss's admissions implicated him in the burglary of the church. There was ample proof that the crowbar found in the truck had been used in that burglary. No matter whether the truck was owned by Arthur Wyss or by his brother, Arthur had access to it and had used it a number of times. Thus the jury could reasonably believe that Arthur had stolen the axe, the crowbar, and the other tools and had placed them in the bed of the truck.

There is no necessity for discussing in detail the other arguments for reversal. The court sustained the State's objections to questions put to the elder Wyss about the ownership of the truck. Without a proffer of proof we cannot tell whether the rulings were prejudicial. Counsel twice stated that the necessary proffers would be made at the next recess, but it does not appear that any proffer was ever made. No error is shown in the court's admission into evidence of a black-and-white photograph of tire marks found at the scene of the burglary. A similar color picture had been received in

evidence without objection. The only argument made is that the black-and-white photo was without probative value. Even so, it could not have prejudiced or misled the jury; so at best the error was harmless. Lastly, a passing reference to other property taken from the church and the prosecutor's arguments to the jury were clearly not so inflammatory as to require the trial judge to resort to the drastic step of declaring a mistrial.

Affirmed.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.