STATE of Tennessee, Appellant,

v.

Michael Fred HOWARD, Appellee.

Supreme Court of Tennessee,
at Jackson.

Dec. 30, 1982.

David M. Himmelreich, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for appellant.

James O. Marty, Memphis, for appellee.

## OPINION

COOPER, Justice.

This appeal is from a judgment of the Court of Criminal Appeals reversing appellee's conviction of possession of 102.5 pounds of marijuana with intent to sell and dismissing the indictment. The majority of the Court of Criminal Appeals was of the opinion that the trial judge was in error in not suppressing evidence found by officers in inventorying the contents of appellee's automobile, after appellee was arrested for public drunkenness. The majority also expressed the opinion that even if the impoundment and inventory of appellee's automobile had been justified, it was unreasonable for the officers to open the opaque garbage bags found in the trunk of appellee's automobile. The state's application to appeal was granted so that this court could consider both bases for the judgment of the Court of Criminal Appeals.

Appellee was arrested at approximately 3:30 a.m. on the morning of December 20, 1977. Captain George Utley of the Memphis Police Department, was on routine patrol when he heard the sound of an automobile horn. On investigation, Captain Utley determined that the sound was coming from a 1967 Chevrolet Impala sedan parked in the parking lot of the branch of the

Memphis Bank and Trust Company located at the corner of Winchester and Elvis Presley Boulevard. The automobile was parked next to the bank building and was headed in a direction opposite to the parking lot markings indicating the flow of traffic for customers using the bank's facilities. The appellee was in the parked automobile. The horn blowing was caused by the intermittent nodding of the appellee's head over onto the steering wheel.

Captain Utley parked his police cruiser some seven to ten feet from appellee's automobile and radioed for a back-up unit. While awaiting the arrival of reinforcements, Captain Utley saw the appellee alight, take a few steps, and return to the automobile, apparently without any awareness of his surroundings.

When the back-up unit arrived, Officer Poteet opened the door to appellee's automobile and assisted appellee to alight. On observing appellee's staggered gait, hearing his slurred speech and smelling intoxicants on appellee's breath, the officers concluded that appellee was intoxicated and arrested him for public drunkenness. The appellee was placed in the back seat of a squad car and his *Miranda* rights were read to him.

In the suppression hearing, Officer Hand testified that on arresting appellee, "we started the standard procedure on taking care of his vehicle." A call was placed for a wrecker to tow the appellee's automobile, and the officers began to inventory its contents. The "tow-in-slip" form was used to list the inventory.

After inventorying the contents of the interior of the automobile, Officer Hand took the keys from the ignition and opened the trunk. There he found four large, green opaque plastic garbage bags sealed at the top with either masking tape or scotch tape. Officer Hand testified, "I tore a hold in—a small hole in one of the sides of the bags to observe what the contents were," and found several rectangular shaped packages wrapped in cellophane over a layer of brown paper. He tore a hole in the corner of one package and observed a substance which he believed to be a brick of marijuana.

The officers then stopped inventorying the contents of the automobile, cancelled the call for the wrecker, notified the narcotics unit of the Memphis Police Department, and arrested appellee for possession of a controlled substance. On arrival of the narcotics officers at the scene of the arrest, Officer Hand was directed to drive appellee's automobile to squad headquarters where the narcotics officers took possession of and logged in the contents of appellee's automobile and confiscated the automobile.

■ The Court of Criminal Appeals found no infirmity in the initial arrest of appellee for public drunkenness. The majority of the court was of the opinion, however, that the impoundment of the automobile under the circumstances was contrary to the holding of this court in *Drinkard v. State,* 584 S.W.2d 650 (Tenn.1979), that there was "absolutely no reason why the car could not have been 'parked and locked without obstructing traffic or endangering the public' as suggested by Chief Justice Brock as an alternative to taking the car into police custody. *Drinkard v. State,* Id." We do not agree that the impoundment of the automobile in this case was violative of our holding in *Drinkard.* Unlike in *Drinkard,* in this case there was no individual with whom the appellant could make custodial arrangements for his automobile if, in fact, he had the capacity at the time to make such arrangements. Furthermore, unlike *Drinkard,* the area where the arrest of appellee was made was a high crime area subject to "much vandalism." The officers then, were faced with the choice of protecting appellee's automobile by having it "towed" or of taking the risk of it being damaged and contents lost by leaving it in a high crime area and thus exposing themselves and the City of Memphis to possible liability for such loss and damage. The officers were of the opinion that due to his drunkenness, the appellee did not have the capacity to sign a form releasing the officers from liability for loss or damage to the automobile and contents if they left it on the bank's premises. The procedures of the

Memphis Police Department called for the towing of the automobile under such circumstances and in our opinion the officers were justified in following the procedures.

In conformance with the policy of the Memphis Police Department, since the vehicle was to be towed, the officers undertook to inventory the automobile and its contents, with the result that the marijuana was found in the garbage bags. There is no indication that the officers had any reason to suspect that contraband items were in the automobile prior to opening the bags, and the state did not attempt to sustain the search of the bags on the basis of probable cause. *See United States v. Ross,* —— U.S. ——, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982). Rather, the state sought to justify the opening of the garbage bags on the basis that it was a necessary part of a reasonable inventory. The Court of Criminal Appeals divided as to whether the scope of the inventory was or was not reasonable, the majority being of the opinion that officers inventorying contents of an automobile may not open a closed container.

 While it is generally recognized that officers taking a vehicle into custody may open the trunk and inventory its contents, there is a division of authority as to whether the scope of the inventory extends to closed containers in the automobile. *See* Annot., 48 A.L.R.3d 537 (1973). However as noted in the recent case of *State v. Roberge,* 642 S.W.2d 716 (Tenn.1982), this court is of the opinion that officers may properly open unlocked containers when necessary to make a realistic and meaningful inventory. If it were otherwise, the purposes for which an inventory is conducted, that is, to protect the property of the owner and to protect officers from claims of negligence or violation of civil rights in the event property disappears or is damaged, would be defeated.

In *State v. Roberge, supra,* it is pointed out that "the risk of civil actions for damages against police officials in connection with the impoundment of vehicles is not remote or academic." In this case, having arrested the appellee and impounded his automobile, the officers were responsible for both the automobile and its contents. In the course of a routine inventory of contents, the officers found the four filled garbage bags in the trunk of the automobile. The bags themselves offered little or no protection for their contents. The officers had no way of knowing what the bags contained, or what security measures would be required or justified to protect the property of appellee against loss or damage, without looking into them. Under these circumstances, we are of the opinion that the conduct of the officers in opening the bags to ascertain their contents was reasonable and necessary to a realistic and meaningful inventory and did not violate any constitutional rights of appellee.

The judgment of the Court of Criminal Appeals is reversed and the judgment of the trial court is reinstated. Costs are adjudged against the appellee, Michael Fred Howard.

FONES, C.J., and BROCK, HARBISON and DROWOTA, JJ., concur.