**584**

STATE of Tennessee, Plaintiff-Appellant,

v.

Curtis Anthony GLENN,
Defendant-Appellee.

Supreme Court of Tennessee.

March 21, 1983.

William M. Leech, Jr., Atty. Gen., Jennifer Helton Small, Asst. Atty. Gen., Nashville, Ray Baker, Asst. Dist. Atty. Gen., Memphis, for plaintiff-appellant.

Edward Witt Chandler, Memphis, for defendant-appellee.

OPINION

DROWOTA, Justice.

We granted the State's Rule 11 application for permission to appeal in order to consider the scope of a warrantless inventory search of an automobile lawfully impounded, pursuant to T.C.A. § 52–1443(b)(4). In a split decision, the Court of Criminal Appeals held that "closed containers found in the trunk of an impounded vehicle, absent exigent circumstances, may not be opened." We must determine whether the Court of Criminal Appeals was correct in suppressing evidence found in closed containers, during an inventory search of Defendant's vehicle.

■ The Defendant, Curtis Anthony Glenn, while driving a Cadillac with Michigan license plates, was arrested for speeding and reckless driving on Interstate 40 as he entered Shelby County, having traveled through Fayette and Haywood Counties. At the time the automobile was stopped, there was a strong odor of incense in the air. "With the officers finding in the passenger compartment what they believed to be a marijuana cigarette, cocaine and extensive drug paraphernalia," two members of the Court of Criminal Appeals held that the automobile was properly seized by the officers pursuant to T.C.A. § 52–1443, for violation of the Tennessee Drug Control Act. We agree that the evidence supports their finding that the officers "had the necessary probable cause to seize the automobile," under T.C.A. § 52–1443(b)(4).[1]

After calling for a wrecker to tow the automobile to the state highway garage for storage, the officers proceeded to inventory

---

1. T.C.A. § 52–1443(b)(4) ... Seizure without process may be made if: [an officer] has probable cause to believe that the [vehicle] was used or is intended to be used in violation of §§ 52–1408—52–1448 (the Tennessee Drug Control Act).

the contents of the car, including the interior, the hood and the trunk. In the course of the inventory of the trunk, the officers found an open grocery sack containing marijuana. The officers also found a closed, unlocked suitcase and briefcase. Upon opening these closed containers, heroin, cocaine, LSD tablets and more marijuana were found.

Glenn challenges the admissibility into evidence by the trial court of the drugs seized from the trunk. All of the drugs, the possession of which Glenn was tried and convicted, were found in the trunk of the automobile. At the pre-trial hearing of the motion to suppress, the evidence established the Defendant as the owner of the vehicle and the operator and possessor of the vehicle at the time of his arrest and he therefore had standing to contest the admissibility of the evidence found in the trunk. *Steagald v. United States,* 451 U.S. 204, 101 S.Ct. 1642, 68 L.Ed.2d 38 (1981); *Rakas v. Illinois,* 439 U.S. 128, 99 S.Ct. 421, 58 L.Ed.2d 387 (1978).

The jury found the Defendant guilty of possession of four controlled substances with intent to sell or deliver and the trial court approved the jury's verdict and entered judgments and sentences accordingly. A majority of the Court of Criminal Appeals affirmed the unlawful possession of marijuana conviction, finding that the marijuana was in plain view in an open sack in the trunk, and therefore properly admitted into evidence. A majority held that the drugs in the other three cases should have been suppressed and those cases were therefore reversed and remanded for a new trial, a majority of the Court finding "that closed containers found in the trunk of an impounded vehicle, absent exigent circumstances, may not be opened." Judge Tatum, in his dissent, found that a lawful inventory should extend to the contents of the containers.

Unlike *State v. Roberge,* 642 S.W.2d 716 (Tenn.1982) and *State v. Howard,* 645 S.W.2d 751 (Tenn.1982), we have no *Drinkard v. State,* 584 S.W.2d 650 (Tenn.1979) considerations concerning the propriety of impoundment, for, as the Court of Criminal Appeals held, "T.C.A. § 52–1443(b)(4) authorizes the warrantless seizure of the vehicle here." In *Drinkard,* this Court held that taking a citizen's vehicle into custody following an arrest for a traffic violation is inappropriate when reasonable alternatives to impoundment exist—such as leaving the car in the care of the Defendant's passenger. In *Roberge* and *Howard,* we held that there were no reasonable alternatives other than to have the automobiles impounded, because there were no individuals with whom the Defendants could make custodial arrangements for their automobiles, and they could not be left on an interstate or in a high crime area.

The Court of Criminal Appeals concluded "that the seizure of the automobile was appropriate" and that "the opening of the trunk during the inventory was proper. *Capps v. State,* 505 S.W.2d 727 (Tenn. 1974)." We agree that the automobile was lawfully impounded and that it was proper, in conducting an inventory, to make an accounting of the contents of the trunk.

■ We now address the primary issue in this case—the extent and scope of the inventory of Defendant's trunk. Defendant contends that his briefcase and suitcase should have been inventoried as separate units, and that it was improper to open these units in making an inventory. The State contends that it was proper to open the briefcase and suitcase in order to properly itemize the contents of these containers.

There has been no consensus among the jurisdictions on whether inventorying the contents of a closed container found in a lawfully impounded vehicle is, in the absence of exigent circumstances, reasonable or unreasonable. While cognizant of the axiom that "[t]he test of reasonableness cannot be fixed by per se rules; each case must be decided on its own facts," *Coolidge v. New Hampshire,* 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971), we are also mindful that there are legitimate purposes for conducting inventory searches. These purposes are set out in *South Dakota v.*

*Opperman,* 428 U.S. 364, 369, 96 S.Ct. 3092, 3097, 49 L.Ed.2d 1000 (1976), as (1) the protection of the owner's property while it remains in police custody, (2) the protection of the police against claims or disputes over lost or stolen property, and (3) the protection of the police from potential danger.

Cases dealing with what is or is not reasonable point out that there is a delicate balance between conflicting public and private interests—the need to search in order to protect law officers and car owners and the invasion of Fourth Amendment protected interests of private citizens.

In support of Defendant's contention, the Wisconsin Supreme Court recently held that, "[t]he balance tips in favor of the privacy of personal effects because the purpose of an inventory can be adequately served by inventorying a container as a closed unit. It is thereby secure from theft, and exposure to claims of loss is reduced . . . . Therefore, in conducting an inventory search of a vehicle, police officials may not open or search the contents of closed containers which could alternatively be removed from the vehicle and inventoried as a unit." *State v. Prober,* 98 Wis.2d 345, 297 N.W.2d 1, 7 (1980) (purse). Other courts following this rationale include: *People v. Bayles,* 82 Ill.2d 128, 44 Ill.Dec. 880, 411 N.E.2d 1346 (Ill.1980) (closed, unlocked suitcase); *People v. Dennison,* 61 Ill.App.3d 473, 18 Ill.Dec. 756, 378 N.E.2d 220 (Ill.App.78) (closed toolbox); *United States v. Bloomfield,* 594 F.2d 1200 (8th Cir.1979) (knapsack, zipper-closed and tied); *Mozzetti v. Superior Court of Sacramento Co.,* 4 Cal.3d 699, 94 Cal.Rptr. 412, 484 P.2d 84, (1971) (unlocked suitcase).

Perhaps the leading case supporting Defendant's theory that the inventory search was unreasonable is *Mozzetti v. Superior Court of Sacramento Co., Id.* In *Mozzetti,* the police removed a car which had been involved in an accident and was blocking the roadway. In accordance with standard police procedures, the contents of the car were inventoried. In the course of the inventory, the police discovered a small suitcase on the back seat of the car. The

suitcase was closed but unlocked. Upon opening it, an officer discovered a plastic bag containing marijuana. The Defendant, who had been rushed to the hospital following the accident, sought to suppress the evidence obtained during the inventory. The California Supreme Court made the following observations:

It seems undeniable that a routine police inventory of the contents of an automobile involves a substantial invasion into the privacy of the vehicle owner. Regardless of professed benevolent purposes and euphemistic explication, an inventory search involves a thorough exploration by the police into the private property of an individual. In that process suitcases, briefcases, sealed packages, purses—anything left open or closed within the vehicle—is subjected without limitation to the prying eyes of authorities. Merely because the police are not searching with the express purpose of finding evidence of crime, they are not exempt from the requirements of reasonableness set down in the Fourth Amendment. Constitutional rights may not be evaded through the route of finely honed but nonsubstantive distinctions.

\* \* \* \* \* \*

The interests of a vehicle owner are said to be protected by police inventory because the procedure provides the owner with a detailed list of the articles taken into custody by the police, an itemization he can use in making valid claims for loss or damage against the police and the storage bailee. Also, the inventory brings to light articles of special value or of a perishable nature which might require unusual care by the police and the storage bailee.

This contention is rebutted by recognition of the vehicle owner's countervailing interest in maintaining the privacy of his personal effects and preventing anyone, including the police, from searching suitcases, and other closed containers and areas in his automobile at the time the police lawfully remove it to storage. In weighing the necessity of the inventory

search as protection of the owner's property against the owner's rights under the Fourth Amendment, we observe that items of value left in an automobile to be stored by the police may be adequately protected merely by rolling up the windows, locking the vehicle doors and returning the keys to the owner.

94 Cal.Rptr. at 416 and 417, 484 P.2d at 88 and 89.

The following courts have relied upon, and cited with approval, *Mozzetti: State v. Daniel,* 589 P.2d 408 (Alaska 1979) (unlocked briefcase); *People v. Counterman,* 192 Colo. 152, 556 P.2d 481 (Colo.1976) (sealed knapsack); *State v. Boster,* 217 Kan. 618, 539 P.2d 294 (Kan.1975) (articles in trunk of car); *State v. Nemrod,* 85 N.M. 118, 509 P.2d 885 (N.M.1973) (footlocker); *State v. Downes,* 285 Or. 369, 591 P.2d 1352 (1979); *State v. Keller,* 265 Or. 622, 510 P.2d 568 (1973) (fishing tackle box); *State v. Gwinn,* 301 A.2d 291 (Del.1972) (closed satchel). *See also, State v. Sawyer,* 174 Mont. 512, 571 P.2d 1131 (Mont.1977) (pills found under driver's seat, not in plain view); *Wagner v. Com.,* 581 S.W.2d 352 (Ky.1979).

The State contends that the rationale in *Mozzetti* and in the Court of Criminal Appeals majority opinion is illogical and unrealistic. The majority holds that it is reasonable to inventory the trunk of Defendant's vehicle for those things which are in plain view such as the marijuana found in an open grocery sack. However, it becomes unreasonable to inventory what is not in plain view. The dissenting opinion cites with approval the following language of the Arizona Supreme Court in *In re One 1965 Econoline,* Etc., 109 Ariz. 433, 511 P.2d 168 (Ariz.1973) (closed shaving kit):

We do not agree with the rationale that while it is reasonable to inventory the vehicle in the first instance for those things which are in clear or plain view, it becomes unreasonable to inventory what is not in plain view. If one of the reasons for conducting the inventory is to safeguard valuables which might be present, it is illogical to prohibit law enforcement officials from searching those areas wherein valuables are most likely to be placed.

\* \* \* \* \* \*

If the purpose of the inventory is to record the valuables and other personal property found in the car, it would seem unrealistic to limit the search to a superficial inspection of the vehicle. In view of the fact that a person who does carry valuables in his car will most properly place them in as safe and inconspicuous place as possible, the conscientious investigator will conduct as thorough a search as circumstances permit.

511 P.2d at 171.

In another often cited opinion on this subject, the Supreme Court of Washington had before it in *State v. Montague,* 73 Wash.2d 381, 438 P.2d 571 (1968), a case in which the defendant had been arrested for traffic violations and, since his car had been left on the street while he was incarcerated, it was impounded under police regulations. After impoundment it was examined for valuables which, if found, would be taken to the police station for safekeeping, where they would be itemized and listed on a property card. The inventory search uncovered marijuana. The court in holding that this was not an unreasonable search held:

When ... the facts indicate a lawful arrest, followed by an inventory of the contents of the automobile preparatory to or following the impoundment of the car, and there is found to be reasonable and proper justification for such impoundment, and where the search is not made as a general exploratory search for the purpose of finding evidence of crime but is made for the justifiable purpose of finding, listing, and securing from loss, during the arrested person's detention, property belonging to him, then we have no hesitancy in declaring such inventory reasonable and lawful, and evidence of crime found will not be suppressed.

73 Wash.2d at 385, 438 P.2d at 574.

The Court also observed that it would have no "hesitancy in suppressing evidence of crime found during the taking of the

inventory, if we found that either the arrest or the impoundment of the vehicle was resorted to as a device and pretext for making a general exploratory search of the car without a search warrant."

The Defendant contends the stopping of his automobile "was a ruse or pretext search." We do not find that the stopping of Glenn was a ruse, nor do we find that the inventory procedure was used as a subterfuge for a warrantless search. The Fifth Circuit Court of Appeals, in addressing this subject stated in *United States v. Ducker,* 491 F.2d 1190, 1192 (5th Cir.1974), "[t]he Supreme Court and this Court have upheld inventory searches where it is clear that the procedure used is a valid inventory and is not merely a pretext for a search, whether or not there is some suspicion that contraband or other evidence may be found. [citations omitted]." Thus, even if the officers in this case were suspicious that contraband may be found (which the record fails to support), they were procedurally conducting a legitimate inventory search.

It should be remembered that an inventory search is not based upon probable cause.[2] Neither need it be based upon any exigency. The purpose of inventorying the contents of a vehicle, pursuant to a valid impoundment, is not to search for incriminating evidence but to protect the owner's property while it remains in police custody, and also, to protect the police against claims of lost or stolen property.

One of the most recent cases supporting the State's contention that it is illogical to prohibit the inventory search of closed containers is *Hamby v. Commonwealth of Va.,* 222 Va. 257, 279 S.E.2d 163 (Va.1981). In this case of first impression for the Virginia Supreme Court, that Court stated:

We are not convinced, as Hamby argues, that law enforcement officers can protect an owner's property and themselves from claims over lost or stolen property by simply sealing and removing personal luggage as a whole. Without a record of the contents of such luggage, police are bereft of any means to verify what property was actually present at the time of its taking. Further, if the basis behind the inventory search is to protect any valuables which might be present, it is illogical to prohibit law enforcement officials from searching those areas wherein valuables are more likely to be kept.

279 S.E.2d at 166.

An impressive number of jurisdictions have used similar reasoning in allowing the inventories of such closed containers as briefcases, suitcases, shaving kits, shopping bags and closed paper bags. *Mooney v. State,* 243 Ga. 373, 254 S.E.2d 337 (Ga.1979) (plastic shopping bag); *People v. Merchant,* 86 Mich.App. 355, 272 N.W.2d 656 (Mich. App.1978) (contents of briefcase); *In re One 1965 Econoline, Etc.,* 109 Ariz. 433, 511 P.2d 168 (Ariz.1973) (closed shaving kit); *People v. Sullivan,* 29 N.Y.2d 69, 323 N.Y.S.2d 945, 272 N.E.2d 464 (1971) (briefcase); *State v. Montague,* 73 Wash.2d 381, 438 P.2d 571 (1968) (closed paper bag); *United States v. Ochs,* 595 F.2d 1247, (2nd Cir.1979) (briefcase). *See also, Robinson v. State,* 418 So.2d 749 (Miss.1982); *Knight v. State,* 398 So.2d 908 (Fla.App.1981) (latched vinyl case); *State v. Crabtree,* 618 P.2d 484 (Utah 1980) (luggage); *Wyss v. State,* 262 Ark. 502, 558 S.W.2d 141 (Ark.1977); *Lewis v. United States,* 379 A.2d 1168 (D.C.App. 1977); *Bennett v. State,* 507 P.2d 1252 (Okl. Cr.App.1973) (search under carpet of car); *Urquhart v. State,* 261 So.2d 535 (Fla.Dist. Ct.App.1971), cert. den., 266 So.2d 349 (Fla. 1972); *State v. Undorf,* 210 Kan. 1, 499 P.2d 1105 (Kan.1972); *United States v. Markland,* 635 F.2d 174 (2nd Cir.1980) (zippered thermal bag); *United States v. Gaultney,* 581 F.2d 1137 (5th Cir.1978), cert. den., 446 U.S. 907, 100 S.Ct. 1833, 64 L.Ed.2d 259 (Scrabble box taped shut); *United States v. Davis,* 496 F.2d 1026 (5th Cir.1974) (briefcase).

---

**2.** The State has not attempted to sustain the search of the closed containers on the basis of probable cause. *See, United States v. Ross,*

456 U.S. 798, 808, 102 S.Ct. 2157, 2164, 72 L.Ed.2d 572 (1982).

Although there are cases to the contrary which we have cited earlier, we are persuaded by the logic found in the above cases. It was on this basis that we recently upheld the inventory searches of closed containers in *State v. Roberge,* 642 S.W.2d 716 (Tenn.1982) and *State v. Howard,* 645 S.W.2d 751 (Tenn.1982).

In *Roberge* the officers opened an unlocked duffel bag in the course of making their inventory. In *Howard,* the officers opened four large plastic garbage bags which had been sealed at the top with tape. In *Roberge* we held that:

> In view of the purposes for which an inventory is conducted, that is, to protect the property of the owner and to protect officers from claims of negligence or violation of civil rights in the event property disappears or is damaged, we are of the opinion that officers may properly open unlocked containers, such as the duffel bag involved in this case, when necessary to make a realistic and meaningful inventory.
>
> \* \* \* \* \* \*
>
> The risk of civil actions for damages against police officials in connection with the impoundment of vehicles is not remote or academic.

642 S.W.2d at 720.

In *Howard,* as in this case, "[t]he officers had no way of knowing what the bags contained, or what security measures would be required or justified to protect the property of appellee against loss or damage, without looking into them. Under these circumstances, we are of the opinion that the conduct of the officers in opening the bags to ascertain their contents was reasonable and necessary to a realistic and meaningful inventory and did not violate any constitutional rights of appellee." 645 S.W.2d at 753.

Having found that it is proper, when inventorying a lawfully impounded automobile, to open closed containers in order to itemize the contents, we reverse the judgments of the Court of Criminal Appeals in the three cases in which they found the trial judge was in error in failing to suppress the evidence found in the closed unlocked briefcase and suitcase. The trial court's conclusion that the inventory, proper in purpose and in scope, was not a constitutional intrusion is affirmed, and the judgments of the trial court are accordingly reinstated. Costs are adjudged against the Defendant, Curtis Anthony Glenn.

FONES, C.J., and COOPER, BROCK and HARBISON, JJ., concur.