# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## STATE OF TENNESSEE v. JEFFREY L. HAMMONS

**Direct Appeal from the Criminal Court for Wilson County**
**No. 98-0179; 98-0180; 98-0886; 98-0887     J.O. Bond, Judge**

---

**No. M1999-00756-CCA-R3-CD - Decided June 30, 2000**

---

The state appeals the trial court's order granting the defendant's motion to suppress seized contraband. The defendant was indicted for possession of marijuana with intent to sell or deliver, driving on a revoked license, felony possession of a firearm, and possession of a firearm silencer. The defendant challenged the search of his vehicle. The trial court held the search was illegal and granted the defendant's motion to suppress the evidence. Upon a thorough review of the record, we find the initial search to be a lawful search incident to an arrest, and further hold the subsequent search of the defendant's trunk was conducted pursuant to a proper inventory of the vehicle. Therefore, the judgment of the trial court is reversed and the case remanded for further proceedings in accordance with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Reversed; Remanded.**

RILEY, J. delivered the opinion of the court, in which WADE, P.J. and OGLE, J. joined.

Paul G. Summers, Attorney General and Reporter; Marvin E. Clements, Jr., Assistant Attorney General; Tom P. Thompson, Jr., District Attorney General; and Jerry D. Hunt, Assistant District Attorney General, for the appellant, State of Tennessee.

Hugh Green, Lebanon, Tennessee, for the appellee, Jeffrey L. Hammons.

## OPINION

### FACTS

At approximately 12:30 a.m. on November 23, 1997, Officer Rick Risner of the Mount Juliet Police Department was running radar on Highway 70. He clocked the defendant at 53 miles per hour in a 30 mile per hour zone, and activated his blue lights in an attempt to pull the vehicle over. Subsequently, the defendant pulled into a Kroger parking lot and stopped his vehicle. Risner approached the defendant's vehicle and asked to see his driver's license. The defendant stated he had none, and the officer asked for his name. Thereafter, the officer was informed by the dispatcher that the defendant's license had been revoked. He further learned the license plate did not match the car the defendant was driving, and the plate was not registered to the defendant.

It was the policy of the Mount Juliet Police Department to tow a vehicle once an arrest was made, and no one was available to drive the vehicle. Vehicles were towed to private towing lots unless there was a decision to impound the vehicle at the police department. Prior to the removal of a vehicle from the scene, it was the policy of the department to "inventory" the vehicle.

Once additional officers arrived on the scene, Risner placed the defendant under arrest for driving on a revoked license and called dispatch for a tow truck to remove the vehicle. Risner instructed Officer Gibson to begin an "inventory" of the vehicle. During this initial search of the vehicle, officers discovered a .45 caliber pistol under the front passenger seat. Officer Risner then determined the vehicle would be impounded. Officers then removed the keys from the ignition of the vehicle and opened the trunk, at which point Officer Gibson noticed a strong smell of marijuana. Officer Gibson testified he observed a zipped, black bag; removed the bag; and discovered a ski mask, gloves, holster, .22 caliber silencer, .22 caliber and .45 caliber ammunition and marijuana.

The defendant was indicted for possession of marijuana with intent to sell or deliver, driving on a revoked license, felony possession of a firearm, and possession of a firearm silencer. He brought a motion challenging the legality of the search. Following a hearing, the trial court determined the search was invalid and the evidence illegally seized.[1] The state now appeals the decision of the trial court.

## STANDARD OF REVIEW

The findings of fact made by the trial court at the hearing on a motion to suppress are binding upon this Court unless the evidence contained in the record preponderates against them. State v. Carter, 988 S.W.2d 145, 149 (Tenn. 1999). However, this Court is not bound by the trial court's conclusions of law. State v. Simpson, 968 S.W.2d 776, 779 (Tenn. 1998).

## ANALYSIS

The State contends the trial court erred in granting the defendant's motion to suppress. It

---

[1]The transcript submitted to this court indicates that the suppression hearing was conducted by Judge John D. Wootten, Jr. At the conclusion of the hearing, it was discovered that Judge Wootten had a conflict, apparently since he was in the district attorney's office at the time the case arose. The defendant did not waive disqualification. The findings of the court, apparently based upon the suppression hearing, were made by Judge J. O. Bond. The record is silent as to whether all parties agreed that Judge Bond could rule based upon the written transcript of the suppression hearing. Ordinarily, this court would *sua sponte* remand for a new hearing. However, neither party alleges any error in this regard. Furthermore, and most importantly, there appears to be no disputed material facts arising in the suppression hearing. Accordingly, we have elected to address the case on the merits.

claims the officers made a valid stop, arrest and search incident to an arrest. Thereafter, officers properly searched the trunk of the vehicle in an effort to inventory its contents before the vehicle was towed. We agree.

## A.  Revoked License Indictment

The motion to suppress alleges the officers did not have probable cause to stop and detain the defendant. It is undisputed that the vehicle was stopped due to speeding, and the defendant's license was revoked. The order of suppression does not indicate that the stop and arrest were improper. The state's notice of appeal includes indictment no. 98-0179 which charges driving on a revoked license. There is no reason the state can not proceed to trial on that case. It is not the proper subject of a Tenn. R. App. P. 3 appeal.

## B.  Search Incident to an Arrest

It is uncontested that the stop of the vehicle was legally executed. The defendant argues his arrest was a mere pretext to searching the vehicle. However, pursuant to Tenn. Code Ann. § 40-7-118(b)(3)(C) and (c)(2), Officer Risner was authorized to place the defendant under custodial arrest for driving on a revoked license in lieu of issuing a citation. State v. Juan E. McAdams, C.C.A. No. 01C01-9704-CR-00140, Davidson County (Tenn. Crim. App. filed June 11, 1998, at Nashville), *perm. to app. denied* (Tenn. 1999). The defendant was driving on a revoked license, and if allowed to proceed, would continue to commit the offense in violation of the statue. Thus, the arrest was proper.

Once Officer Risner placed the defendant under arrest for driving on a revoked license, he had the authority to search the passenger compartment of the vehicle incident to that arrest. *See* New York v. Belton, 453 U.S. 454, 460, 101 S.Ct. 2860, 2864, 69 L.Ed.2d 768 (1981). The fact that Officers Risner and Gibson said they began "inventorying" the defendant's vehicle after his arrest, rather than searching "incident to the arrest," does not invalidate the search. *See* State v. Watkins, 827 S.W.2d 293, 296 (Tenn. 1992). Furthermore, a search incident to an arrest may be conducted even when the arrested person is neutralized in the back seat of the squad car. *Id.*; State v. Reed, 634 S.W.2d 665, 666 (Tenn. Crim. App. 1982).

In the instant case, the search occurred after the arrest and placement of the defendant in the police car. The initial search was confined to the automobile passenger compartment. Accordingly, the initial search yielding the .45 caliber pistol was not an inventory search but a search incident to a lawful arrest. The police officers' characterization of their actions is not controlling of the type of search conducted. Watkins, 827 S.W.2d at 296. The seizure of the .45 caliber pistol was proper.

## C.  Inventory Search

The remaining question is whether the search of the trunk was lawful. The Supreme Court

in *Belton* limited searches incident to an arrest to the passenger compartment and containers found therein. 454 U.S. at 460, 101 S.Ct. at 2864. Thus, a search incident to the defendant's arrest would not extend to the trunk of the vehicle. The state argues that once the officers located the weapon in the passenger compartment of the vehicle, they had probable cause to search the trunk. We disagree. "A search based on probable cause which reasonably only tends to support the inference that contraband or evidence will be found in the passenger compartment will be of intolerable intensity and scope if extended to include a closed trunk." 3 Lafave, Search and Seizure §7.2(c) (3d ed. 1996). The officers did not have probable cause to believe contraband was concealed in the trunk merely because a pistol was found under the front seat.

We note that "[t]his Court has never held that the inventory search exception gives a police officer carte blanche to impound and inventory the contents of an arrested person's car." Watkins, 827 S.W.2d at 295. Instead, the facts of each case should be scrutinized to determine if the need of the police to impound and inventory a car outweighs the constitutionally protected interest of the citizen in the privacy of the automobile and the personal possessions contained therein. Drinkard v. State, 584 S.W.2d 650, 653 (Tenn. 1979). *Drinkard* held that, where a defendant is able to make arrangements for removal of the vehicle, or if the vehicle can be parked and locked without obstructing traffic or endangering the public, the police should refrain from towing and inventorying the vehicle. *Id.* at 650. Under the facts and circumstances presented in the record, we conclude the search of the trunk and its contents was lawful.

Where there are no reasonable or plausible alternatives for the disposition of the car, the appropriate action is to impound the vehicle, despite the officer's failure to ask the defendant if he had an alternative to towing the vehicle. *See* State v. Nathan Lee Colquit, No. 03C01-9706-CR-00198, Hamilton County (Tenn. Crim. App. filed March 16, 1999, at Knoxville), *perm. to app. denied* (Tenn. 1999); State v. Ernest Lawson, C.C.A. No. 185, McMinn County (Tenn. Crim. App. filed June 18, 1991, at Knoxville), *perm. to app. denied* (Tenn. 1992). The extent of consultation with the defendant is only one factor to be considered by the trial court in determining whether the impoundment was reasonable and necessary. State v. Lunsford, 655 S.W.2d 921, 924 (Tenn. 1983).

Unlike *Drinkard*, here there was no passenger who could assume possession of the vehicle at the defendant's behest. Officer Risner stated that the license plate did not match the vehicle and was not registered to the defendant. Therefore, the defendant was not in a position to make arrangements to have the vehicle removed. Furthermore, the defendant was stopped at approximately 12:30 a.m., and a pistol was found under the seat. Two of the officers testified that there had been several robberies and break-ins in the area. Where an arrest is made in a high-crime area subject to much vandalism, it is inappropriate to leave the vehicle unattended. *See* State v. Howard, 645 S.W.2d 751, 752 (Tenn. 1982). Thus, in light of all the circumstances, towing of the vehicle was the only reasonable option available.

Once the decision was made to tow the vehicle, officers properly conducted an inventory of its contents. There was no showing that the inventory search was a "ruse for a general rummaging" in an effort to discover incriminating evidence. Florida v. Wells, 495 U.S. 1, 4, 110 S.Ct. 1632, 109

L.Ed.2d 1 (1990). We further conclude it was proper for the inventory to extend to all parts of the car where personal property might be found. State v. Glenn, 649 S.W.2d 584, 587 (Tenn. 1983); *see also* Colorado v. Bertine, 479 U.S. 367, 375, 107 S.Ct. 738, 743, 93 L.Ed.2d 739 (1987). Thus, the search of the zipped duffel bag found in the vehicle's trunk was proper. *See* Howard, 645 S.W.2d at 753 (unlocked containers may be opened when necessary to conduct a realistic and meaningful inventory); State v. Roberge, 642 S.W.2d 716, 720 (Tenn. 1982) (an unopened duffel bag could be removed and examined by police pursuant to a lawful inventory of the vehicle).

We further note that, upon opening the trunk and smelling marijuana, the officer then had probable cause to believe that the bag in the trunk contained contraband. The police may search an automobile and the containers within it where they have probable cause to believe contraband is contained therein. California v. Acevedo, 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991). Accordingly, the officers could search the bag based upon probable cause.

## CONCLUSION

Officer Risner made a lawful stop of the vehicle. Thereafter, the defendant was lawfully placed under arrest for driving on a revoked licence, and the officers conducted a proper search of the passenger compartment of the vehicle incident to that arrest. Under the circumstances, Officer Risner appropriately requested the vehicle be towed and instructed Officer Gibson to inventory the vehicle's contents. Officer Gibson conducted a lawful inventory search of the vehicle and further had probable cause to believe the defendant's bag contained contraband. All the evidence was properly obtained. Therefore, the judgment of the trial court granting the defendant's motion to suppress the evidence is reversed, and the case is remanded for further proceedings.