# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### Assigned On Briefs August 2, 2011

## STATE OF TENNESSEE v. ANTONIO DURRELL HUBBARD

**Appeal from the Circuit Court for Fayette County**
**No. 6411      Weber McCraw, Judge**

---

**No.  W2010-02493-CCA-R3-CD  - Filed November 9, 2011**

---

Appellant, Antonio Durrell Hubbard a/k/a Antonio Bradford, was indicted by the Fayette County Grand Jury in March of 2010 for possession of more than one-half ounce of marijuana with intent to deliver, driving with a suspended license, and speeding.  Prior to trial, Appellant sought to suppress the results of an inventory search.  The motion to suppress was denied.  After a trial, Appellant was convicted of possession of more than one-half ounce of marijuana with intent to deliver and driving on a suspended license.  The speeding charge was dismissed.  As a result of the convictions, Appellant received an effective sentence of one year.  After the denial of a motion for new trial, Appellant has appealed.  The following issues are presented for our review: (1) whether the trial court properly denied the motion to suppress; and (2) whether the evidence was sufficient to support the convictions.  After a review, we determine the trial court properly denied the motion to suppress and the evidence is sufficient to support the convictions.  Accordingly, the judgments of the trial court are affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court are Affirmed.**

JERRY L. SMITH, J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and CAMILLE R. MCMULLEN, JJ., joined.

Kari L. Weber, Somerville, Tennessee, for the appellant, Antonio Durrell Hubbard.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; Michael Dunavant, District Attorney General; and Terry Dycus, Assistant District Attorney General, for the appellee, State of Tennessee.

# OPINION

## *Factual Background*

Appellant was arrested on December 22, 2009, after being stopped for speeding by Lieutenant Don Burress of the Galloway Police Department.[1] Lieutenant Burress stopped Appellant after he clocked him traveling 70 miles per hour in a forty-five-mile-per-hour zone.

Appellant pulled up to a gas pump at a nearby BP gas station where he was approached by Lieutenant Burress. The officer asked to see Appellant's driver's license. Appellant informed Lieutenant Burress that his identity had been stolen while he was in prison and someone used his identity to obtain a license under Appellant's name. Lieutenant Burress was suspicious of Appellant's responses, so he ran the name along with two birthdays that Appellant supplied. At that time, Lieutenant Burress discovered that Appellant's license was suspended. He arrested Appellant.

Lieutenant Burress was unable to allow Appellant to drive his car to another location, so he called for a tow truck to remove the vehicle from the BP gas station. The vehicle was owned by Appellant's girlfriend. Lieutenant Burress did not ask Appellant if another person could come and get the vehicle. Prior to the vehicle being towed away, Lieutenant Burress and Investigator Charles Irvin conducted an inventory search of the vehicle. During the search, the officers smelled marijuana. In a purse inside the trunk, the officers discovered marijuana.

During his transport from the police station to the county jail, Lieutenant Burress talked to Appellant, who was asking questions about how long he would have to be in jail. During the conversation, Appellant spontaneously admitted that the marijuana was his. According to Lieutenant Burress, Appellant stated he was out of work and had to sell marijuana in order to make money. Lieutenant Burress admitted that he had not given Appellant his *Miranda* rights but stated that he was not interrogating Appellant at the time. Therefore, there was no need for Appellant to be read his rights.

Appellant filed a motion to suppress prior to trial. In the motion, Appellant argued that he was "stopped, seized and arrested unlawfully." Therefore, the search was the product of an "unlawful arrest" and "unlawful inventory" of the vehicle and the evidence should be suppressed. Appellant also moved to suppress any statements that he gave to law

---

[1] At the time of the suppression hearing, the Galloway Police Department ceased to exist.

enforcement officers because he was not apprised of his *Miranda* rights, the statements were the product of an unlawful arrest, and he did not knowingly waive his constitutional rights prior to giving any statements.

At the conclusion of the hearing on the motion to suppress, the trial court determined that the police were under an "obligation to have the vehicle moved in somewhat of a timely manner" so that it would not block a gas pump. Looking at the "totality of the circumstances," the trial court determined that it was a "proper inventory search" where there was "no other immediate option in order to remove the car from the gas pumps." Further, the trial court denied the motion to suppress the statements because from the testimony it appeared that Lieutenant Burress and Appellant "were basically having a conversation." The trial court determined that he was not "being interrogated. These were just statements of conversation." After the hearing, the trial court issued orders denying the motion to suppress the search and the motion to suppress the statements.

The case proceeded to trial. At trial, Lieutenant Burress testified. His testimony mirrored his testimony from the suppression hearing. Additionally, the State called Investigator Charles Irvin. Investigator Irvin stopped to assist Lieutenant Burress after Appellant had been arrested and the inventory search had already begun. When Investigator Irvin approached the trunk of the vehicle, he smelled marijuana. He helped inventory the trunk of the vehicle where they found "a bag that contained a purse and inside the purse was some marijuana." According to Investigator Irvin, there was nothing but marijuana inside the purse. It was bundled into two clumps of "individual little bags."

The evidence was submitted to the Tennessee Bureau of Investigation ("TBI") where it was tested and determined to be marijuana with a total weight of six and one-half ounces.

At the conclusion of the proof, Appellant was convicted of possession of more than one-half ounce of marijuana with the intent to deliver and driving on a suspended license. The trial court sentenced Appellant to one year incarceration for the possession conviction and six months in incarceration for the driving on a suspended license conviction, with the sentences to run concurrently for a total effective sentence of one year. The speeding charge was dismissed.

Appellant filed a timely motion for new trial in which he argued that the trial court improperly denied the motion to suppress; the trial court erred in failing to grant a mistrial; the trial court erred in denying the motion for judgment of acquittal; and the evidence was insufficient to support the convictions. The trial court denied the motion for new trial. Appellant filed a timely notice of appeal. On appeal, Appellant argues that the trial court improperly denied the motion to suppress his statements and the evidence found during the

inventory search of the vehicle. Additionally, Appellant contends that the evidence was insufficient to support the convictions.

*Analysis*
*Motion to Suppress*

On appeal, Appellant claims that the trial court erred in denying the motion to suppress the search of the vehicle. Specifically, Appellant argues that Lieutenant Burress failed to ask Appellant if someone else could take possession of the vehicle prior to the commencement of the search and/or could have moved the vehicle to a location away from the gas pump to a parking spot. In other words, the State failed to show that impounding the vehicle and conducting an inventory search was necessary and reasonable under the circumstances. Appellant likens his case to *Arizona v. Gant*, 556 U.S. 332 (2009). The State, on the other hand, insists that "based on the totality of the circumstances, the marijuana was seized during a lawful inventory search."

"This Court will uphold a trial court's findings of fact in a suppression hearing unless the evidence preponderates otherwise." *State v. Hayes*, 188 S.W.3d 505, 510 (Tenn. 2006) (citing *State v. Odom*, 928 S.W.2d 18, 23 (Tenn. 1996)). On appeal, "[t]he prevailing party in the trial court is afforded the 'strongest legitimate view of the evidence and all reasonable and legitimate inferences that may be drawn from that evidence.'" *State v. Carter*, 16 S.W.3d 762, 765 (Tenn. 2000) (quoting *State v. Keith*, 978 S.W.2d 861, 864 (Tenn. 1998)). "Questions of credibility of the witnesses, the weight and value of the evidence, and resolution of conflicts in the evidence are matters entrusted to the trial judge as the trier of fact." *Odom*, 928 S.W.2d at 23. Our review of a trial court's application of law to the facts is de novo, with no presumption of correctness. *State v. Walton*, 41 S.W.3d 75, 81 (Tenn. 2001) (citing *State v. Crutcher*, 989 S.W.2d 295, 299 (Tenn. 1999); *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997)). When the trial court's findings of fact are based entirely on evidence that does not involve issues of witness credibility, however, appellate courts are as capable as trial courts of reviewing the evidence and drawing conclusions, and the trial court's findings of fact are subject to de novo review. *State v. Binette*, 33 S.W.3d 215, 217 (Tenn. 2000). Further, we note that "in evaluating the correctness of a trial court's ruling on a pretrial motion to suppress, appellate courts may consider the proof adduced both at the suppression hearing and at trial." *State v. Henning*, 975 S.W.2d 290, 299 (Tenn. 1998). The question presented by the Appellant in this case is one of law. Therefore, there is no presumption of correctness with regard to the trial court's decision. *Walton*, 41 S.W.3d at 81.

At the outset, it should be pointed out that we do not find that this case implicates *Arizona v. Gant*, 556 U.S. 332, 129 S. Ct. 1710 (2009), as argued by Appellant. Specifically,

in *Gant* the Supreme Court held "[p]olice may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest." 556 U.S. at ___, 129 S. Ct. at 1723. Appellant seems to argue that the search was a search incident to arrest rather than a valid inventory search. Therefore, if the search was a valid inventory search, the applicability of *Gant* need not be decided. Accordingly, we will focus our analysis on whether the search was valid as an inventory search.

Both the Fourth Amendment to the United States Constitution and article I, section 7 of the Tennessee Constitution protect individuals against unreasonable searches and seizures by government agents. *See* U.S. Const. amend. IV; Tenn. Const. art. I, § 7. "These constitutional provisions are designed to 'safeguard the privacy and security of individuals against arbitrary invasions of government officials.'" *Keith*, 978 S.W.2d at 865 (quoting *Camara v. Mun. Ct.*, 387 U.S. 523, 528 (1967)). The Tennessee Supreme Court has noted previously that "[a]rticle I, [section] 7 [of the Tennessee Constitution] is identical in intent and purpose with the Fourth Amendment [of the United States Constitution]," and that federal cases applying the Fourth Amendment should be regarded as "particularly persuasive." *Sneed v. State*, 423 S.W.2d 857, 860 (Tenn. 1968).

Under both the state and federal constitutions, "a warrantless search or seizure is presumed unreasonable, and evidence discovered as a result thereof is subject to suppression unless the State demonstrates that the search or seizure was conducted pursuant to one of the narrowly defined exceptions to the warrant requirement." *State v. Yeargan*, 958 S.W.2d 626, 629 (Tenn. 1997) (citing *Coolidge v. New Hampshire*, 403 U.S. 443, 454-55 (1971)); *see also State v. Garcia*, 123 S.W.3d 335, 343 (Tenn. 2003). However, an inventory search is permissible. An "inventory search . . . is ostensibly to protect the occupant of the vehicle against loss of his property or the law enforcement agency against the occupant's claim for failure to guard against such loss." *State v. Donald Curtis Reid*, No. M1999-00058-CCA-R3-CD, 2000 WL 502678, at *7 (Tenn. Crim. App., at Nashville, Apr. 28, 2000) (quoting *State v. Gaut*, 357 So. 2d 513, 516 (La. 1978)). Further, our supreme court in *Drinkard v. State*, 584 S.W.2d 650 (Tenn. 1979), established the following guideline:

> [I]f the circumstances that bring the automobile to the attention of the police in the first place are such that the driver, even though arrested, is able to make his or her own arrangements for the custody of the vehicle, or if the vehicle can be parked and locked without obstructing traffic or endangering the public, the police should permit the action to be taken rather than impound the car against the will of the driver and then search it. Just cause to search the driver

> is not alone, enough; there must also be reasonable cause to take his vehicle into custody.

*Id.* at 653. In other words, the burden is on the State to show that an impoundment was necessary, i.e., that there were reasonable grounds for the impoundment. *Id.* at 654. In *Drinkard*, there was a passenger who was available to take charge of the vehicle. *Id.* In the case of *State v. Roberge*, our supreme held that when the circumstances justified an impoundment, the inventory search included the opening of unlocked containers, such as a duffle bag in that instance. 642 S.W.2d 716, 720 (Tenn. 1982) Before an inventory search, the officer must advise the defendant that the car will be impounded unless he can provide a reasonable alternative. *State v. Lunsford*, 655 S.W.2d 921 (Tenn. 1983). The extent of the consultation with the defendant is a factor to determine whether an impoundment is reasonable and necessary. *Id.* Moreover, an inventory search must not be pretextual. *State v. Glenn*, 649 S.W.2d 584, 587-88 (Tenn. 1983).

The guidelines of *Drinkard* "must be considered by law enforcement officers on the scene." *Lunsford*, 655 S.W.2d at 923. However, there is no "mandate" that an "arrestee must be advised of all available options to impoundment" as this would create a "per se rule [rendered] . . . unworkable because of changing conditions and circumstances." *Id.* (quoting *Sanders v. State*, 403 So. 2d 973, 974 (Fla. 1981)).

This case is distinguishable from *Drinkard*. In the case herein, Lieutenant Burress explained at the suppression hearing that the reason for the impoundment of the vehicle was based on a multitude of factors. Appellant informed the officer that the car belonged to his girlfriend, whom he had just dropped off at work. Appellant could not continue to drive the car because he had been arrested for driving on a suspended license and driving after that point would essentially be permitting Appellant to continue to break the law. Further, the vehicle was parked at an "active" gas station, blocking a gas pump at around 2:00 p.m. during the day. Lieutenant Burress stated that you "can't tie up a business like that." While the officer acknowledged that he did not ask Appellant if there was anyone else who could come and get the vehicle, this Court has held that it is appropriate to impound a vehicle despite the failure of an officer to ask Appellant about an alternative solution when there is no reasonable or plausible alternative such as a passenger at the scene to take possession of the car immediately. *See State v. Jeffrey L. Hammons*, No. M1999-00756-CCA-R3-CD, 2000 WL 924633, at *3-4 (Tenn. Crim. App., at Nashville, June 30, 2000), *perm. app. denied* (Tenn. Feb. 20, 2001). *State v. William David Harmon*, No. 46, 1990 WL 149, at *3 (Tenn. Crim. App. at Knoxville, Jan. 4, 1990) *perm. app. denied* (Tenn. Mar. 5, 1990). In the instant case, Appellant was alone and the owner of the car, his girlfriend, was at her job. Moreover, the vehicle was apparently blocking a gas pump at a gas station open for business thus requiring immediate moving of the vehicle. Once Lieutenant Burress made a reasonable

decision to impound the vehicle, he was permitted to conduct an inventory search. When he and Investigator Irvin opened the trunk, they smelled marijuana. At that point, Lieutenant Burress had probable cause to believe that one of the bags in the trunk contained contraband. "The police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained" therein. *California v. Acevedo*, 500 U.S. 565, 580 (1991). The evidence does not preponderate against the denial of the motion to suppress the evidence.[2] Appellant is not entitled to relief on this issue.

*Sufficiency of the Evidence*

Appellant claims that the evidence is insufficient to sustain the convictions. Specifically, Appellant argues that the State failed to prove that all of the substance taken from the car was marijuana and that there was no proof, other than the weight of the drugs, that Appellant had an intent to deliver. Further, Appellant claims that his "admission" as recounted by Lieutenant Burress was called into question by his own plea of not guilty prior to trial. Additionally, Appellant insists that his identity was stolen, and officers failed to investigate the veracity of this claim prior to charging Appellant with driving on a suspended license. The State disagrees.

When a defendant challenges the sufficiency of the evidence, this Court is obliged to review that claim according to certain well-settled principles. A verdict of guilty, rendered by a jury and "approved by the trial judge, accredits the testimony of the" State's witnesses and resolves all conflicts in the testimony in favor of the State. *State v. Cazes*, 875 S.W.2d 253, 259 (Tenn. 1994) (citing *State v. Harris*, 839 S.W.2d 54, 75 (Tenn. 1992)). Thus, although the accused is originally cloaked with a presumption of innocence, the jury verdict of guilty removes this presumption "and replaces it with one of guilt." *State v. Tuggle*, 639 S.W.2d 913, 914 (Tenn. 1982). Hence, on appeal, the burden of proof rests with the defendant to demonstrate the insufficiency of the convicting evidence. *Id.* The relevant question the reviewing court must answer is whether any rational trier of fact could have found the accused guilty of every element of the offense beyond a reasonable doubt. *See* Tenn. R. App. P. 13(e); *Harris*, 839 S.W.2d at 75. In making this decision, we are to accord the State "the strongest legitimate view of the evidence as well as all reasonable and legitimate inferences that may be drawn therefrom." *See Tuggle*, 639 S.W.2d at 914. As such, this Court is precluded from re-weighing or reconsidering the evidence when evaluating the convicting proof. *State v. Morgan*, 929 S.W.2d 380, 383 (Tenn. Crim. App. 1996); *State v. Matthews*, 805 S.W.2d 776, 779 (Tenn. Crim. App. 1990). Moreover, we may not substitute our own "inferences for those drawn by the trier of fact from circumstantial

---

[2] On appeal, it appears that Appellant abandons his argument with respect to the denial of the motion to suppress his statements to police. Therefore, we will not scrutinize the trial court's decision with respect to this issue.

evidence." *Matthews*, 805 S.W.2d at 779. Further, questions concerning the credibility of the witnesses and the weight and value to be given to evidence, as well as all factual issues raised by such evidence, are resolved by the trier of fact and not the appellate courts. *State v. Pruett*, 788 S.W.2d 559, 561 (Tenn. 1990). "The standard of review 'is the same whether the conviction is based upon direct or circumstantial evidence.'" *State v. Dorantes*, 331 S.W.3d 370, 379 (Tenn. 2011) (quoting *State v. Hanson*, 279 S.W.3d 265, 275 (Tenn. 2009)).

To convict the defendant of possession of marijuana with the intent to sell or deliver, the State had to prove that the defendant knowingly possessed not less than one-half ounce nor more than ten pounds of marijuana with the intent to sell or deliver it. T.C.A. § 39-17-417(a)(4),(g)(1). In order to convict Appellant of driving with a suspended license, the State was required to show that Appellant was driving "when the [Appellant's] privilege to do so is cancelled, suspended, or revoked." T.C.A. § 55-50-504(a)(1).

"[A] person . . . acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist." T.C.A. § 39-11-302(b). A conviction for possession of marijuana may be based upon either actual or constructive possession. *State v. Shaw*, 37 S.W.3d 900, 903 (Tenn. 2001); *State v. Brown*, 823 S.W.2d 576, 579 (Tenn. Crim. App. 1991); *State v. Cooper*, 736 S.W.2d 125, 129 (Tenn. Crim. App. 1987). "Before a person can be found to constructively possess a drug, it must appear that the person has 'the power and intention at any given time to exercise dominion and control over . . . [the drugs] either directly or through others.'" *Id. (citing State v. Williams*, 623 S.W.2d 121, 125 (Tenn. Crim. App. 1981); *see also State v. Patterson*, 966 S.W.2d 435, 445 (Tenn. Crim. App. 1997). The mere presence of a person in an area where drugs are discovered is not, alone, sufficient to support a finding that the person possessed the drugs. *Id.* However, as stated above, circumstantial evidence alone may be sufficient to support a conviction. *State v. Tharpe*, 726 S.W.2d 896, 899-900 (Tenn. 1987); *State v. Gregory*, 862 S.W.2d 574, 577 (Tenn. Crim. App. 1993). Further, it is permissible for the jury to draw an inference of intent to sell or deliver when the amount of the controlled substance and other relevant facts surrounding the arrest are considered together. T.C.A. § 39-17-419; *see also State v. Willie Earl Kyles, Jr.*, No. W2001-01931-CCA-R3-CD, 2002 WL 927604, at *2 (Tenn. Crim. App., at Jackson, May 3, 2002), *perm. app. denied*, (Tenn. Oct. 21, 2002) (concluding that jury could infer possession of drugs with intent to sell or deliver from amount of drugs and circumstances surrounding arrest of defendant); *State v. James R. Huntington*, No. 02C01-9407-CR-00149, 1995 WL 134589, at *3-4 (Tenn. Crim. App., at Jackson, Mar. 29, 1995), *perm. app. denied*, (Tenn. July 10, 1995) (determining that jury could infer intent to sell marijuana primarily from large quantity of marijuana in defendant's possession).

The proof at trial showed that Appellant was pulled over by Lieutenant Burress for speeding. Appellant was driving his girlfriend's vehicle. When the officer ran Appellant's driver's license, it came back as being suspended. Additionally, while the officers were conducting an inventory search of the vehicle, they smelled marijuana. Upon searching the trunk, one of the officers found a bag containing more than one-half an ounce of marijuana inside a purse. The marijuana was packaged in several plastic bags. Moreover, on the way to the police station, Appellant admitted that the marijuana was his. Appellant claimed that he needed money because he did not have a job. The evidence supports the convictions. Appellant is not entitled to relief.

*Conclusion*

For the foregoing reasons, the judgments of the trial court are affirmed.


_____
JERRY L. SMITH, JUDGE